UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-301-FDW

| | |
|---|---|
| MAURICE L. STROUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOSH STEIN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2), which he has filed in connection with a pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254 (Doc. No. 1).

Federal law requires a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a $5.00 filing fee or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914, 1915(a). Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petitioner seeking indigent status file "a motion for leave to proceed in forma pauperis, the affidavit required by . . . § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."

Petitioner filed his IFP Motion and affidavit on June 1, 2017. (Doc. No. 2.) The affidavit shows that it was executed, however, on October 6, 2016. Thus, the certificate showing the amount of money or securities that Petitioner has in his prisoner trust account statement is eight months out-of-date.

1

Moreover, Petitioner has filed at least five § 2254 habeas petitions, including the one in the instant action, challenging the same 2004 state judgment on the same grounds. See Stroud v. Albermarle Correctional, No. 3:15-cv-00608-FDW (W.D.N.C. dismissed Aug. 25, 2016) (untimely); Stroud v. Clelland, No. 3:16-cv-00677-FDW (W.D.N.C. dismissed Dec. 5, 2016) (failure to prosecute); Stroud v. Hooks, No. 3:17-cv-00174-FDW (W.D.N.C. dismissed Apr. 11. 2017) (unauthorized, successive petition); Stroud v. Stein, No. 3:17-cv-00313-FDW (W.D.N.C. filed June 9, 2017). Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file any of his successive § 2254 habeas actions, see 28 U.S.C. § 2244(b)(3)(A), including this one.

The Court finds that Petitioner's practice of filing repetitive, unauthorized habeas petitions is abusive and should not be encouraged by allowing him to file free-of-charge. Consequently, the Court shall deny Petitioner's IFP Motion and order the Clerk of Court to close this action. Petitioner may refile his § 2254 Petition only if he prepays the entire $5.00 filing fee or obtains authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition.

**IT IS, THEREFORE, ORDERED** that:
1. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **DENIED**;
2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMSSED without prejudice**;
3. The Clerk of Court shall close this action and terminate any outstanding motions; and
4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a

substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 7, 2017

Frank D. Whitney
Chief United States District Judge